963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STATE of Tennessee, ex rel. Richard D. CROTTEAU, et al.,
Plaintiffs-Appellants,
v.
CHATTANOOGA WOMEN'S CLINIC, Defendant-Appellee.
 No. 91-5662.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 BOGGS, Circuit Judge.
 
 
 1
 Seventeen Tennessee citizens brought a state court quo warranto action as relators for the State of Tennessee against an ambulatory surgical treatment center for failure to comply with state statutes regulating abortion. After the case was removed to federal court, the district court dismissed the action for lack of standing. We hold that subject matter jurisdiction was lacking and therefore the matter should have been remanded to state court pursuant to 28 U.S.C. § 1447(c).
 
 
 2
 * This action was filed on October 5, 1990 by 17 Tennessee citizens, 16 of whom are practicing lawyers,[1] as relators in the name of the State of Tennessee, against the Chattanooga Women's Clinic, an ambulatory surgical treatment center. Plaintiffs allege that the Clinic is performing abortions in Hamilton County, Tennessee in violation of three Tennessee statutes regulating abortion. T.C.A. § 68-11-223(b)(1)(A) requires $2,000,000 of medical malpractice insurance; T.C.A. § 39-15-202 requires written consent from women before abortions are performed; and T.C.A. § 39-15-201(c)(2) prohibits performing abortions after the first three months of pregnancy except in hospitals.
 
 
 3
 Plaintiffs allege that the Tennessee Department of Health has declined to enforce these statutes because the Tennessee Attorney General rendered an opinion that the provisions are unconstitutional. The problem, as the plaintiffs see it, is that the laws of the state of Tennessee are not being enforced solely because of the opinion of the Tennessee Attorney General.
 
 
 4
 The plaintiffs brought this action seeking a declaratory judgment that the Tennessee statutes regulating abortion are constitutional and asked for an injunction restraining the Clinic from operating in violation of the statutes. Originally filed in Hamilton County Chancery Court, the action was removed to federal district court by the defendant. That removal was not challenged or scrutinized, so far as appears from the record, once the removal occurred. However, upon our examination, it appears that the removal was improper and there is no federal jurisdiction in this case.
 
 II
 
 5
 Plaintiff's complaint alleges a purely state cause of action. State law is invoked to complain about the failure of state authorities to enforce a state statute. The plaintiffs are a group of Tennessee citizens, purporting to act in the name of the State of Tennessee. The named defendant is a Tennessee corporation, and those whose actions are complained of are Tennessee state officials. Therefore, there is no possibility of diversity jurisdiction. The only possible grounds for jurisdiction would be federal question jurisdiction, which establishes that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, of treaties of the United States." 28 U.S.C. § 1331. However, the plaintiff's complaint makes no reference to any federal statute or cause of action.
 
 
 6
 In making its defense, the defendant has relied solely upon Tennessee procedural law. While it might also have attempted to defend on the grounds of federal constitutional law, see Roe v. Wade, 410 U.S. 113 (1973), that defense would not give a federal court jurisdiction. In the case of Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983), the Supreme Court dealt with a very analogous situation: a nonfederal claim, followed by a federal defense. Plaintiffs brought action under California law to enforce a tax levy, while the defendant raised a federal defense under ERISA.
 
 
 7
 California law establishes a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if appellant has made out a valid claim for relief under state law.
 
 
 8
 Id. at 13. The Franchise Board court dismissed this claim under the "well-pleaded complaint" rule, holding that "under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." Id. at 10 (emphasis in the original). Under the well-pleaded complaint rule
 
 
 9
 Whether a case is one arising under the Constitution ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.
 
 
 10
 Ibid. (citations omitted). The court also emphasized that:
 
 
 11
 By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby.
 
 
 12
 Id. at 12 (citations omitted).
 
 
 13
 Here the obligation to enforce the Tennessee statutes arises entirely out of Tennessee law creating that obligation. While plaintiffs want the statutes declared constitutional, the fact that a possible defense for nonenforcement of the statutes could be made on federal constitutional grounds fails to meet the requirements of the well-pleaded complaint rule.
 
 
 14
 For all the same reasons, the federal jurisdictional statutes do not give federal courts jurisdiction over this case. We therefore dismiss the appeal, and remand the case to the district court with instructions to remand the case to state court pursuant to 28 U.S.C. § 1447(c).
 
 
 
 [1]
 The 17th relator, Rhonda Bradford, is an individual who underwent an abortion at the defendant's facility on March 2, 1990. She claims that she sustained serious and permanent injuries during the course of the abortion procedure and that the doctor performing the procedure did not have privileges at any licensed hospital in Chattanooga. The district court held she did not have standing as there is no causal relationship between her alleged injuries and the clinic's noncompliance with the statutes at issue. At oral argument, appellants conceded this point